396 So.2d 1281 (1981)
STATE of Louisiana
v.
Lawrence JAMES.
No. 80-KA-2089.
Supreme Court of Louisiana.
April 6, 1981.
*1283 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, & Joseph Giarrusso, Asst. Dist. Attys., for plaintiff-appellee.
Charles Z. Ranel, Roberson & Ranel, Baton Rouge, for defendant-appellant.
BLANCHE, Justice.[*]
Lawrence James was charged in Count I with unlawful distribution of heroin and in Count II with unlawful possession of heroin with intent to distribute. La.R.S. 40:966(A). The two counts were severed on motion of the defense. In separate trial proceedings, the defendant was found guilty of possession of heroin on the first count and guilty as charged on the second count. He was sentenced to 10 years at hard labor on count one and life without parole, probation or suspension of sentence on count two. By this appeal, the defendant urges three assignments of error as grounds for reversal of conviction and sentence on counts one and two, and two additional assignments pertaining solely to count two.
The two drug transactions involved were virtually identical. The first offense took place on November 10, 1977 and the second on November 15, 1977. A confidential informant put Agent Ernest Steim of the Drug Enforcement Administration in touch with James for the purpose of purchasing heroin. In each case, the defendant and Agent Steim met in Houma and made arrangements for the purchase and discussed prices. As arranged, Steim and the confidential informant then drove the defendant to New Orleans to meet with an individual named Truck. Upon arrival in New Orleans, the defendant was paid in advance. He was dropped off at a designated street intersection and picked up some time later at or near the same corner after the defendant presumably obtained the drugs from "Truck". The defendant then allegedly delivered heroin to Agent Steim. At the end of the transaction involved in count one, Steim allegedly gave the defendant more money upon their return to Houma. Defendant was convicted on both counts as set forth above and urges the following assignments on appeal as grounds for reversal of his conviction.
*1284 COUNT I

Assignment of Error Number 1
By this assignment the defendant urges that the trial court erred in not ordering the state to divulge the name of the confidential informer involved in the drug transaction. The defense had requested the name of the informant through a bill of particulars and the state had replied that the defense was not entitled to that information.
As a general rule, the state is permitted to withhold the identity of an informer from an accused. This is a privilege founded upon public policy and seeks to further and protect the public interest and law enforcement by encouraging persons to supply information to the police without fear of reprisal by the person to whom the information pertains. Thus, the identity of an informer should be made known to the accused only when a defendant's right to prepare his defense outweighs the need for protection of the flow of information. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); State v. Williams, 347 So.2d 184 (La.1977); State v. Dabon, 337 So.2d 502 (La.1976); State v. Dotson, 260 La. 471, 256 So.2d 594 (La.1971), U.S. cert. den. 409 U.S. 913, 93 S.Ct. 242, 34 L.Ed.2d 173 (1972).
To gain disclosure, the defendant bears the burden of demonstrating exceptional circumstances pertaining to his defense, and the trial court is accorded great discretion in making such a determination. State v. Williams, supra; State v. de la Beckwith, 344 So.2d 360 (La.1977); State v. Dotson, supra; State v. Greenbaum, 257 La. 917, 244 So.2d 832 (1971). For example:
"_ _ _ the state might properly be required to disclose the identity of the confidential informant, if it intends to introduce evidence at the merit-trial of an incident at which the informant was present or in which the informant set up or participated in the crime." State v. Diliberto, 362 So.2d 566 (La.1978).
The rationale of this rule is founded on the assumption that knowledge of the informer's identity in such case may be highly relevant or helpful to the defense of an accused or to a fair determination of some issue before the court. Roviaro v. United States, supra; State v. Dotson, supra. On the other hand, general allegations of "frame" or "entrapment" are generally insufficient demonstrations of exceptional circumstances to warrant disclosure. See State v. Dotson, supra, n.1.
Although in the present case the testimony was to the effect that the informer introduced Steim to the defendant and accompanied them when the defendant acquired the drugs and gave them to Steim, these actions alone did not amount to participation in the offense of distributing heroin or "setting up" the defendant to be something which he was not predisposed to do from the start.
Furthermore, the mere presence of the informer in the vehicle during the journey to acquire the drugs did not, in this case, warrant pre-trial disclosure. In the first place, the defendant did not inform the trial court of any particular reason why or how pre-trial identity of the informant would aid him in his defense. His pre-trial motion for disclosure does nothing more than allege conclusions that the informer entrapped the defendant and participated in the alleged transaction. Second, the record on appeal undercuts the defendant's claim of prejudice because it establishes that although the defendant may not have known which person was the informant before trial, he did know the name of the informant and his role in the sequence of events prior to trial.
Agent Steim testified that a confidential informant introduced him to the defendant for the purpose of buying narcotics. He further testified that during the journey to acquire the drugs, the unnamed informant was in the car with the defendant, himself, and a Mr. Coleman, an associate of the defendant. When the defendant took the stand at trial, he readily identified all parties involved in the journey, naming Coleman, Steim and Kenny Pellegrin, whom the state now in brief admits to be the informant. The defendant further stated that he had known Kenny Pellegrin for 7 years. Thus, the defendant was well acquainted with both the informant and his role in the *1285 transaction and had his testimony in any way aided the defendant, he could have been called by the defendant as a witness. In short, the issue may be described as "much ado about nothing", because the defendant well knew the identity of the informant and the state's interest in protecting the informant's confidentiality was under the circumstances non-existent.
As defendant has shown no prejudice from the court's failure to order pre-trial disclosure of this information, this assignment is without merit.

Assignment of Error Number 3
By this assignment the defendant urges that the trial court erred in not ordering the state to properly answer paragraph IV of the motion for oyer requesting the "Substance of any oral statements which the State intends to offer in evidence at the trial of defendants, or Third Party, whether before or after arrest." The state replied that the defendant was not entitled to this information. A hearing was held and the court ruled in favor of the state. At trial the defendant objected to the admission of the testimony of Agent Steim concerning his dealings with the defendant relating to the purchase of drugs. C.Cr.P. arts. 716, 729.5. We find no error in the ruling of the trial court.
The only testimony regarding statements made by defendant were those statements of defendant which were paraphrased by Agent Steim, and which dealt with the negotiations between Steim and the defendant concerning the purchase of drugs, including instructions given to Steim by the defendant concerning the "pickup" of the drugs, the exchange of the drugs and the payment to the defendant for his role in the transaction. Most of the statements were made prior to the alleged offense of distribution and all described the immediate transaction involved from start to finish.
Although the defendant now contends in brief that his aforementioned request entitled him to notice of the existence of statements intended for use at trial, his request was phrased in terms of a request for the substance of any such statements. C.Cr.P. art. 716(C), dealing with discovery of the substance of a defendant's statements, provides as follows:
"Upon motion of the defendant, the court shall order the district attorney to inform the defendant of the substance of any oral statement which the state intends to offer in evidence made by the defendant, whether before or after arrest, in response to interrogation by any person then known to the defendant to be a law enforcement officer."
This article is clearly inapplicable since the testimony given at trial clearly indicates that the statements upon which this assignment is based were not given in response to interrogation by a person known to the defendant to be a law enforcement officer. To the contrary, Agent Steim was "undercover" posing as an acquaintance of the informer in order to gain access to the defendant. And when the defendant took the stand, his own recollection of the events was that Steim was supposed to have been Kenny's (the informer's) friend who had some money to invest after receiving a settlement from a lawsuit.
This assignment is without merit.

Assignment of Error Number 12
By this assignment the defendant claims that the trial court erred in failing to order the state to produce evidence for inspection and in admitting heroin into evidence.
Counsel for defense filed a pre-trial motion for discovery and inspection under C.Cr.P. art. 718 requesting, in pertinent part, the district attorney to allow defendant to inspect, examine or test evidence in the custody of the state which the state intended to use at trial, which was obtained from or belonged to the defendant or which was exculpatory. The record reveals that the state originally answered that it had none and then changed the answer to read "The State will comply to the extent that it is in possession of any such evidence." The record contains no other pleadings or private letters which indicate any other attempt on the part of the defendant to gain access to the evidence sought.
At trial, Agent Steim identified a packet of a substance purported to be heroin which *1286 he had purchased from the defendant. When the state sought to have the evidence introduced, defense counsel objected, urging that the state had failed to properly inform the defendant of its possession of the evidence and failed to make the evidence available for inspection. The objection was overruled.
The defense sought the remedy of exclusion under C.Cr.P. art. 729.5(A), which provides:
"If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this Chapter or with an order issued pursuant to this Chapter, the court may order such party to permit the discovery or inspection, grant a continuance, order a mistrial on motion of the defendant, prohibit the party from introducing into evidence the subject matter not disclosed, or enter such other order, other than dismissal as may be appropriate."
Because these sanctions are to be applied in the discretion of the trial court, the defendant must show prejudice resulting from an adverse ruling before this Court can reverse his conviction. See State v. Kimble, 375 So.2d 924 (La.1979); State v. Qualls, 353 So.2d 978 (La.1977).
The indictment informed the defendant that he had been charged with the distribution of heroin. In response to the defendant's application for a bill of particulars, the state responded that it was in possession of evidence obtained from the defendant, although not mentioning heroin by name.[1] When the foregoing information is coupled with the defendant's admission from the witness stand that he gave Agent Steim four bags of heroin, it becomes quite clear that the defendant had actual knowledge that the state was in possession of the same physical evidence involved in this assignment. Thus, the defendant is in no position on appeal to claim prejudicial surprise or inability to prepare a defense from the introduction of the evidence.
Furthermore, the defense made no claim that it had arranged for any independent testing of the evidence or that independent testing may have established that the substance was not heroin. In fact, the defendant testified that he used some of the heroin to make sure it was good, and the absence of any complaint on his part indicates that the substance was actually heroin. Nor did the defense, in spite of its knowledge that the state possessed the evidence, allege that it attempted to prod the state to make good in its commitment to comply with the inspection request.
Because the defendant has failed to demonstrate that any prejudice resulted from the inability to inspect the heroin introduced at trial, this assignment is without merit.
COUNT II
In challenging Count II the defendant urges the same arguments as those asserted for Count I, plus two additional grounds. However, in light of our decision that the conviction for Count II must be reversed, we need only consider the assignment complaining of the reversible error.

Assignment of Error Number 13
By this assignment the defendant urges that the trial court erred in allowing reference to count one of the indictment during the trial on the merits of count two.
Prior to the trial on the second count, the state notified the court of its intention to introduce evidence of similar acts of the defendant and submitted a memorandum in support thereof.[2] A hearing on this issue *1287 was held before trial and the defense objected to any reference by the state to the first offense of which the defendant had already been convicted. The trial court ruled that such evidence could be admitted at trial. The state presented the evidence of the crime charged in count one at the trial of count two in its case in chief over objection by defense counsel.
"Because introduction of evidence of other acts of misconduct involves substantial risk of prejudice to a defendant, evidence of crimes related to the offense with which a defendant is charged is inadmissible except under special exceptions. State v. Prieur, supra. The general rule is that the prosecution may not introduce evidence of other crimes unless the evidence is substantially relevant for some purpose other than to show a possibility that defendant committed the crime with which he is charged because he is a man of general criminal character. State v. Sutfield, 354 So.2d 1334 (La. 1978). Aside from related offenses admissible as part of the res gestae and convictions admissible for impeachment purposes, Louisiana statutes provide for only three exceptionsacts relevant to show intent, knowledge, or system. R.S. 15:445, 446. Admission of another crime committed by the same "system" as the offense charged might also be relevant to show the identity of the defendant as the offender. See State v. Waddles, 336 So.2d 810 (La.1976)." State v. Harris, 383 So.2d 1, 8 (La.1980).
In order for the events relative to count one to constitute res gestae vis-a-vis count two, as the state contends, "... the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction." R.S. 15:448. See also R.S. 15:447. The two offenses involved in the case at bar appear to be totally separate transactions occurring five days apart. Though the offenses involved the same parties under almost identical circumstances, they do not form one continuous transaction, but two distinct transactions. Thus, they do not fall within the res gestae exception to the prohibition against other crimes evidence.
Alternatively, the state argues in brief that the two incidents are so similar in modus operandi as to render the evidence of the first transaction admissible at trial of the second. R.S. 15:445, 446; State v. Prieur, 277 So.2d 126 (La.1973). However, in order for evidence of system to be admissible, it must be shown that (1) the other crime is so distinctively similar in system that one must logically say that both crimes are the work of the same person, i. e. signature crimes; (2) proof of the other crime is relevant to prove a matter at issue, such as identity; and (3) the probative value of the evidence outweighs and prejudicial effect. State v. Davis, 389 So.2d 71 (La.1980); State v. Jackson, 367 So.2d 353 (La.1979); State v. Showers, 359 So.2d 104 (La.1978). Concerning the second requirement "... the `matter at issue' must be real and genuine, and not one which the prosecution conceives to be at issue merely because of the plea of not guilty." State v. Moore, 278 So.2d 781, 785 (La.1973); See also State v. Davis, supra.
Without scrutinizing the distinctive similarity between the "other crime" and the one charged in count two, we note that there is no genuine issue for which the other crime is relevant to the resolution. Agent Steim related the details of the alleged transaction and identified the defendant as the perpetrator. The defendant never took the stand to dispute his participation in the events described nor did he call any alibi witnesses. Thus, defendant's identity was not a genuine issue, and the evidence of the other crime could serve no other purpose but to create a substantial risk of prejudice to the defendant by cumulating the testimony of the state's main witness with evidence of defendant's bad character, thereby bolstering the former. For this reason, defendant's conviction of count two must be reversed and remanded for a new trial.

*1288 DECREE
For the foregoing reasons, the conviction of defendant for count one is affirmed and the conviction for count two is reversed and remanded for retrial consistent with the principles herein expressed.
NOTES
[*] Judges Grover L. Covington, Remy Chiasson and Elmo E. Lear of the Court of Appeal, First Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Associate Justices Calogero, Marcus, Dennis and Blanche.
[1] The defense application for a Bill of Particulars contains the following question:

"5.
"Was any physical evidence obtained from the defendant and if so, by whom and at what locations?"
The state's Bill of Particulars contains the following answer:
"5.
"Yes. From S/A Ernie Stein (sic)..."
[2] Initially, counts one and two were joined in the indictment and the trial court denied a motion to sever the two counts. However, upon application by the defendant, this Court granted a supervisory writ and ordered the trial court to reconsider its ruling in light of the principles espoused in State v. Slayton, 338 So.2d 694 (La.1976). The trial court then severed the two offenses. State v. James, 369 So.2d 456 (La.1979).