452 So.2d 1313 (1984)
STATE of Louisiana
v.
Mark Colt BUFFINGTON.
No. 84 KW 0500.
Court of Appeal of Louisiana, First Circuit.
June 27, 1984.
Patrick Quinlan, William B. Faust, III, Asst. Attys. Gen., New Orleans, for State.
Robert Barrios, Houma, for defendant.
Before PONDER, WATKINS and CARTER, JJ.
WATKINS, Judge.
The State at a preliminary hearing refused to divulge the name of a confidential informant in an alleged drug transaction involving the distribution of cocaine. The trial court ordered the State to divulge the name. We granted alternative writs, which we now make peremptory.
A Louisiana State Police Trooper, Lewis Hyatt, in the presence of the unnamed confidential informant met defendant, Mark Colt Buffington, and the Trooper had a brief conversation with defendant and (to quote the Trooper's testimony in chief at the preliminary hearing), "... advised him we wanted some cocaine..." On cross-examination at the preliminary hearing, the Trooper refused to give the name of the confidential informant. The trial court ordered the Trooper to divulge the name. The State advised that it would apply for writs, which are not before us.
As a general rule the State is not required to divulge the name of a confidential informant to the accused. However, an exception is made when the confidential informant was a participant in an illegal drug transaction. State v. James, 396 So.2d 1281 (La.1981). Disclosure is made less certain to be required at a preliminary hearing than at trial. See State v. Diliberto, 362 So.2d 566 (La.1978); State v. James, supra.
The present ruling from which the State has taken writs was made at a preliminary hearing. The record indicates the confidential informant was an onlooker, not a participant, in the alleged transaction. The use of the word "we" by the Trooper in recounting his remarks in seeking the drugs can be attributed to a slip of the tongue or a figure of speech, and does not establish that the confidential informant was a participant in the alleged transaction. Furthermore, the applicant has made no showing that the identity of the confidential *1314 informant is necessary to his defense. Although the trial court as is stated in James, supra, is entitled to great discreation in determining whether or not the disclosure of the name of the confidential informant is necessary, we hold the present record indicates the ruling of the trial court ordering disclosure was erroneous, as the record does not establish the confidential informant was a participant in the alleged transaction.
Accordingly, the writ is made peremptory, and it is ordered that Trooper Hyatt not be required to divulge the name of the confidential informant.
WRIT MADE PEREMPTORY.