524 So.2d 867 (1988)
STATE of Louisiana, Plaintiff-Appellee,
v.
Victor FONTENOT, Defendant-Appellant.
No. CR87-770.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1988.
*868 Joseph E. Coreil, Preston Aucoin, Ville Platte, for defendant-appellant.
J.W. Puchue, R. Vidrine, Office of Dist. Atty., Ville Platte, for plaintiff-appellee.
Before GUIDRY and YELVERTON, JJ., and SWIFT, J. Pro Tem.[*]
YELVERTON, Judge.
Defendant Victor Fontenot was convicted by a jury of two counts of distribution of marijuana, a violation of La.R.S. 40:966(A)(1). His appeal sets forth seven assignments of error. We find that assignment of error No. 2 has merit, requiring that the conviction be set aside, and we will discuss this assignment first.
On November 6, 1985, two undercover police officers went to the Golden Spur Bar in Reddell, Louisiana, to see if they could buy some narcotics as part of their undercover operation. The two officers, Detectives Vidallia and Davis, were accompanied by two females. The identities of these two women were not revealed at the trial, because one of them was working as a confidential informant on the case, and the name of the other, who played no part in the activities that night, was simply forgotten due to the passage of time.
After arriving at the bar around 9:30 or 10:00 that night and sitting down at a table, Detective Vidallia was introduced to the defendant, Fontenot, who came to the table from the bar. Vidallia and defendant engaged in small talk for a few minutes, then Fontenot returned to his seat at the bar. The confidential informant left the table and the detectives, and talked briefly with the defendant at the bar. Neither detective overheard what was said in this conversation.
When the confidential informant returned to the table, she told Detective Vidallia that Fontenot would try to get him a bag of marijuana as soon as "his man" came in. Twenty to thirty minutes later, defendant came back to the table and, addressing the confidential informant, told her to tell Vidallia to follow him outside, that it was "time to deal". It is not clear from the record whether Vidallia overheard that message, or whether it was relayed to him by the confidential informant, but in any event Vidallia got up and followed defendant outside the bar where a man introduced as Kurt LaFleur was waiting. Detective Davis, the other woman, and the confidential informant remained inside the bar.
Outside, after defendant introduced Kurt LaFleur, Detective Vidallia asked LaFleur "How much?", LaFleur responded "Thirty-five Dollars", and Vidallia paid the money to LaFleur and LaFleur gave him a clear plastic bag of marijuana. After this exchange, defendant made a remark about how good the marijuana was that Detective Vidallia had just bought.
At the trial the state's case consisted of the testimony of the two officers, Vidallia and Davis, and the introduction of the bag of marijuana. The state's two witnesses told the jury what they said and did, what the confidential informant said and did, what the defendant said and did, and what Kurt LaFleur said and did.
ASSIGNMENT OF ERROR NO. 2
While Vidallia was on the witness stand, the defendant asked for the identification of the confidential informant. The state objected and the trial court sustained the objection. Defendant's assignment of error No. 2 is addressed to this ruling. He argues that the confidential informant was an active participant in the crime, and that he needed to know her identity so he could get her into court and cross examine her. He argues that the refusal to let him know the identity of this witness and subpoena her was a violation of his basic right to confront the witnesses against him.
*869 On the facts of this case this assignment of error has merit.
The defendant has a constitutional right to confront witnesses against him in a criminal prosecution. U.S. Const. art. VI; La. Const. art. 1, § 16.
This right is often argued as a means to get around the confidential informant's privilege, but the privilege is still firmly rooted in the law. The privilege of withholding the identity of an informer who supplies information to law enforcement officers concerning crime is founded on public policy and seeks to advance the public interests and effective law enforcement by encouraging and protecting the flow of information. State v. James, 396 So.2d 1281 (La.1981). For this reason the general rule is that the state is not required to divulge the name of a confidential informant to the accused. Id. However, an exception is made when the confidential informant was a participant in an illegal drug transaction, and the state introduces evidence at the merit-trial of a crime in which the informant participated. State v. Dotson, 260 La. 471, 256 So.2d 594 (1971); State v. Diliberto, 362 So.2d 566 (La.1978); State v. James, supra.
In the present case the confidential informant was not merely a bystander, or onlooker, and her participation was more than merely furnishing a tip that enabled the police to make an arrest. While working with the undercover agents, she took part in the illegal transaction itself. When she was alone with the defendant at the bar, the confidential informant helped arrange for a sale of marijuana to take place. Defendant was convicted as a principal, under La.R.S. 14:24, as having procured another to commit the crime. Take away evidence of the participation of the confidential informant in the events, and the evidence would have been wholly insufficient to have established that defendant was a principal to the crime of distribution of marijuana.
The message the confidential informant brought back to the table after her conversation with the defendant at the bar, a conversation the content of which was never revealed, leaves the impression that the informant and the defendant made an agreement whereby the defendant would procure another to commit the crime of distribution of marijuana. Defendant had the right to confront this witness at the merit trial. To exercise that right he was entitled to know the name of the informant. The failure to accord him that right was reversible error.
Although we reverse the conviction based on Assignment of Error No. 2, we will briefly evaluate the remaining assignments of error.
ASSIGNMENT OF ERROR NO. 1
Kurt LaFleur did not testify. His participation in the activities was told by way of the testimony of Detective Vidallia. Defendant objected to this testimony as hearsay. We find that the objection was properly overruled. Kurt LaFleur's activity was part of the res gestae. La.R.S. 15:447; State v. Kimble, 407 So.2d 693 (La.1981); State v. Sharp, 414 So.2d 752 (La.1982); and State v. Green, 448 So.2d 782 (La.App. 2nd Cir.1984). This assignment lacks merit.
ASSIGNMENT OF ERROR NOS. 3 & 4
On redirect examination Detective Vidallia was permitted to identify the bag of marijuana, whereupon it was then introduced in evidence. Defendant objected arguing that this was improper redirect and in violation of La.R.S. 15:281, which limits redirect examination. The assignment of error has no merit. Although the cited article limits redirect examination, the ultimate application of the limitation is left to the discretion of the trial judge. La.R.S. 15:281; State v. Chapman, 410 So.2d 689 (La.1982); State v. Freeman, 447 So.2d 1145 (La.App. 3rd Cir.1984). We find no abuse of discretion in the trial court's ruling.
ASSIGNMENT OF ERROR NO. 5
This assignment was addressed to the overruling by the trial court of the objection, based on hearsay, to Detective Davis' testimony concerning what the confidential *870 informant said. The trial court was correct. This, too, was part of the res gestae, for the reasons discussed above under Assignment of Error No. 1.
ASSIGNMENT OF ERROR NO. 6
This is addressed to the failure of the trial judge to give a requested instruction on entrapment. The trial court declined to give that instruction for the reason that there was no evidence in the record from which the jury could infer entrapment or other government misconduct.
On the evidence presented we have to agree that there was no showing of entrapment and the refusal to give the charge was proper. However, defendant's reliance on the defense of entrapment underscores why the identity of the confidential informant should, in this case, have been revealed, because the primary witness essential to establish the defense of entrapment was the informant.
ASSIGNMENT OF ERROR NO. 7
This was a sufficiency of the evidence assignment of error under the well known Jackson v. Virginia standard. We find that the evidence, viewed according to this standard, was sufficient to convict defendant as a principal to the crime of distribution of marijuana.
For the above reasons, the conviction and sentence of defendant are hereby reversed and set aside, and the case is remanded to the trial court for further proceedings in accordance with law.
REVERSED AND REMANDED.
NOTES
[*] Judge G. William Swift, Jr., Retired, Judge Pro Tempore.