320 So.2d 167 (1975)
STATE of Louisiana
v.
Michael J. ROMANO.
No. 56208.
Supreme Court of Louisiana.
October 1, 1975.
*168 Timothy C. Ellender, St. Martin & Ellender, Houma, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Norval J. Rhodes, Dist. Atty., William G. Yates, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charge the defendant, Michael J. Romano, with distribution of a controlled dangerous substance, marijuana. LSA-R.S. 40:966. Following trial, the jury found him guilty of possession of marijuana[1] and sentenced him to serve six months imprisonment in the parish jail and to pay a fine of $250.00, in default of which he must serve an additional six months in jail. Defendant has appealed his conviction and sentence to this Court.
Since the defendant was not convicted of a felony, nor was he sentenced to more than six months imprisonment or fined more than $500.00, there is no appellate jurisdiction in this case. La.Const. Art. V, § 5(D) (1974); LSA-C.Cr.P. Art. 912.1. Nevertheless, under Rule I, § 10 of the Rules of the Supreme Court of Louisiana, this Court in its discretion may treat an appeal improperly before it as an application for supervisory writs. We have elected to do so. We find no merit to any of defendant's four specifications of errors, and, accordingly, we deny his writ application.
*169 The events out of which the defendant's conviction arose commenced on January 24, 1973, when Monty Dodd, a confidential informant, contacted David Yelverton, an agent for the Southeast Louisiana Regional Bureau of Drug Enforcement, and informed him of a possible drug transaction. Thirty minutes later, Dodd told Yelverton and another agent that he had been in contact with Wayne Falgout, who had advised him that he possessed a large quantity of marijuana, and he would sell some to Dodd for $125.00 per pound. The agents decided to have Dodd purchase one pound.
According to the testimony, inside the apartment, Dodd met and spoke with Falgout and the defendant, Romano, who shared the apartment with Falgout. Romano was sitting on the couch bagging marijuana. Dodd purchased a one-pound bag of marijuana from Falgout for $125.00. Romano then offered to sell Dodd a smaller bag containing one lid of marijuana for $10.00, which he also purchased. Dodd left the apartment and at a pre-arranged location he met the two agents and gave them the marijuana he had purchased.
Shortly thereafter, the police arrested Falgout and Romano and charged them both with distribution of marijuana. Falgout pleaded guilty. Romano pleaded not guilty, and this conviction and sentence ensued.

SPECIFICATION OF ERROR NO. 1
During his cross-examination of Monty Dodd, defense counsel asked him how much money he earned in the previous year as an informant; he replied that he had no idea. The defense attorney then questioned him about his income tax returns. Upon an objection by the State, the defense attorney stated that he was attempting to impeach the credibility of the witness by showing that he had falsified his income tax returns. The court sustained the State's objections. The defendant argues that, because most of the State's case depended upon the testimony of this paid informant, evidence as to whether or not he reported all of the income he derived from his activities with the narcotics bureau was very important and had a direct bearing upon his credibility as a witness.
We infer from the defendant's argument that he wanted the testimony before the jury not only to undermine the witness' credibility, but also to show that the witness had an economic interest in the case. See LSA-R.S. 15:492; State v. Senegal, La., 312 So.2d 280 (1975). However, these authorities are inapplicable, because although Dodd testified that he did not know how much income he had earned from the narcotics bureau in the course of the past year, he estimated that the amount of money earned from the particular transaction concerning the defendant was approximately $30.00 or $40.00. This testimony was adequate to show his economic bias or interest, and the information concerning his income tax returns for the year was irrelevant and immaterial. Furthermore, evidence of Dodd's malfeasance in preparing his income tax returns was not competent evidence for impeaching his credibility in this prosecution. LSA-R.S. 15:491, 494.
We find no merit to the first specification of error.

SPECIFICATION OF ERROR NO. 2
Defense counsel complains because the trial judge did not allow him to question the witness Dodd about a prior arrest which was still pending at the time of this trial.[2] He contends that this evidence was *170 admissible under LSA-R.S. 15:492 to show bias or corruption of the witness because the charge had been continued several times and was thus relevant to show the witness' possible motivation to cooperate with the district attorney's office both in his role as an informant and in his testimony at the trial.
The evidence was clearly inadmissible under LSA-R.S. 15:495, which provides, in pertinent part:
". . . and no witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been indicted or arrested, and can only be questioned as to conviction, and as provided herein."
See also State v. Beach, La., 279 So.2d 657 (1973).

SPECIFICATION OF ERROR NO. 3
Defendant complains of the admission into evidence of a one pound bag of marijuana and testimony about it on the ground that he was being tried solely for the distribution of one lid of marijuana, which he had sold for $10.00, not for the distribution of a whole pound of it and that the admission of the latter was very prejudicial.
The State charged Falgout and Romano jointly with distribution of marijuana of an unnamed quantity. The testimony elicited at the trial of Romano established that the two men shared an apartment, that Romano was aware at all times of Falgout's selling of narcotics, and that Romano was present in the room and was bagging marijuana throughout the course of Falgout's sale to Dodd, immediately after which Romano sold Dodd an additional lid of marijuana. Thus, the two sales occurred within minutes of each other, and Romano witnessed the entire transaction between Falgout and Dodd while he bagged his own marijuana. Under these circumstances, the evidence was admissible as part of the res gestae under LSA-R.S. 15:447, 448, and this specification of error is without merit.

SPECIFICATION OF ERROR NO. 4
Defendant contends that it was error for the trial court to allow the prosecution to recall its own witness, Dodd, during its case in chief and before closing for the limited purpose of establishing a chain of evidence. Authority for the trial judge's action exists in Article 765 of the Louisiana Code of Criminal Procedure, which provides, in pertinent part:
"The normal order of trial shall be as follows:
"* * *
"(5) The presentation of the evidence of the state, and of the defendant, and of the state in rebuttal. The court in its discretion may permit the introduction of additional evidence prior to argument;. . . ." We hold that the trial judge did not abuse the discretion vested in him under Article 765, and, therefore, we find no reversible error in this specification.
For the reasons assigned, the writ application is denied.
DIXON, J., concurs.
BARHAM, J., dissents.
TATE, J., dissents and assigns written reasons.
TATE, Justice (dissenting).
I respectfully dissent.
The cross-examination of Dodd, the informer witness for the state, was improperly restricted. His gross income from undercover activities is plainly relevant on the issue of his bias and alleged corruption.
*171 Further, the defendant cannot be denied cross-examination of this state witness on the pending charges against him on the issue of his bias, impartiality, and motivation. This was held by Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974).
Such restrictions on cross-examination of a state witness denies an accused his confrontation rights under the Constitution of the United States. See Davis.
NOTES
[1] Possession of a controlled dangerous substance is a lesser included offense within the crime of distribution and is properly a responsive verdict to such a charge. State v. Stewart, La., 292 So.2d 677 (1974).
[2] Defense counsel explained his question as follows:

"I'd like the record to reflect that I was also going to attempt to introduce evidence of an aggravated battery charge, Arrest No. 15991 on 10/26/72 when Monty Dodd shot Dave Blakeman with a 22 calibre pistol, and it has been ruled by the Court that introduction of this charge is not admissible."