508 So.2d 982 (1987)
STATE of Louisiana, Plaintiff-Appellee,
v.
James Gregory WHITE, Defendant-Appellant.
No. CR 86-659.
Court of Appeal of Louisiana, Third Circuit.
June 9, 1987.
*983 John Lavern, Public Defender's Office, Lake Charles, for defendant-appellant.
Richard Ieyoub, Dist. Atty., Saundra Issac, Asst. Dist. Atty., Lake Charles, for plaintiff-appellee.
Before DOMENGEAUX, DOUCET, and KNOLL, JJ.
KNOLL, Judge.
As the result of an undercover operation in Calcasieu Parish defendant was indicted for distribution of marijuana, a violation of LSA-R.S. 40:966(A)(1), and convicted by a jury of that offense. Following trial and conviction the State filed an habitual offender bill against defendant as a second felony offender pursuant to LSA-R.S. 15:529.1 and initiated proceedings to revoke defendant's probation. Accordingly, after a probation revocation hearing, the trial court ordered defendant to serve the original two year sentence imposed for his earlier burglary conviction and, consecutive to that sentence, further ordered defendant to serve three and one-half years as a second habitual offender for the present offense. Defendant contends on appeal that the trial *984 court erred: (1) in that the verdict was not supported by the law and the evidence; (2) in sustaining the State's objection to defense questions concerning the identity of a confidential informer; (3) in permitting a violation of the rule of sequestration; (4) in overruling a defense objection to introduction of physical evidence when the State had not presented a complete chain of custody; (5) in sustaining the State's objection to a question by defense counsel concerning prior investigations; and, (6) in sustaining the State's objection to a question by defense counsel concerning the location of the Office of the Special Services Department of the Lake Charles City Police. We affirm.

FACTS
On July 13, 1984, Corporal Richard Duhon and Detective Marvin Collins, Special Services Division, Lake Charles Police Department, assisted the Sulphur Police Department in conducting an undercover narcotics operation in Vinton. Corporal Duhon had received information from a confidential informant that defendant was selling marijuana. Upon arriving in Vinton, Corporal Duhon met the informer and they proceeded to locate defendant. Detective Collins acted as a surveillance officer and followed in another vehicle. After locating defendant, Corporal Duhon asked defendant if he knew where he could purchase a bag of marijuana. Defendant responded that he had $25 and $50 bags but they would have to take him to get it. Defendant entered Corporal Duhon's car and they proceeded to the parking lot of Augustine's Family Market where Duhon gave defendant $50 for the marijuana. Defendant got out and made a telephone call. Shortly thereafter a silver Mercury pulled up near the store and picked up defendant. Although Corporal Duhon did not see the Mercury come back, defendant returned in a few minutes and gave Corporal Duhon two bags of what was later analyzed as marijuana by the Southwest Louisiana Crime Laboratory. Corporal Duhon brought the informer and defendant back to their original locations, and then proceeded to Lake Charles where the evidence purchased from defendant was documented and stored.

SUFFICIENCY OF EVIDENCE
Defendant argues that the evidence was insufficient to support his conviction and that the State failed to prove he had guilty knowledge of the bags' contents when he transferred the marijuana to Corporal Duhon.
When the issue of sufficiency of the evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
LSA-R.S. 40:966(A)(1) provides as follows:
"[It] shall be unlawful for any person knowingly or intentionally: (1) to produce, manufacture, distribute or dispense or posses with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule I."
Marijuana is a Schedule I controlled dangerous substance.
Guilty knowledge is an essential element of the crime of possession of a controlled dangerous substance. State v. Goiner, 410 So.2d 1085 (La.1982); State v. 1971 Green GMC Van, 354 So.2d 479 (La. 1977); State v. Humphreys, 319 So.2d 344 (La.1975). Whether an accused knows the substance is a narcotic drug may be proved by direct or circumstantial evidence. State v. Perique, 340 So.2d 1369 (La.1976); State v. Humphreys, supra. The fact finder may draw reasonable inferences to support conclusions as to guilty knowledge based upon evidence presented at trial. State v. Edwards, 354 So.2d 1322 (La.1978); State v. Tasker, 448 So.2d 1311 (La.App. 1 Cir. 1984), writ denied, 450 So.2d 644 (La.1984). The credibility of witnesses is a matter to be weighed by the trier of fact. State v. Klar, 400 So.2d 610 (La.1981). An appellate *985 court will not evaluate the credibility of witnesses and overturn the trial court's factual determinations absent manifest error. LSA-La. Const. Art. V, Section 5 (C); State v. Richardson, 425 So.2d 1228 (La. 1983).
Furthermore, LSA-R.S. 15:446 provides that when knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent.
Corporal Duhon testified that defendant said he had $25 and $50 bags of marijuana for sale. Corporal Duhon gave defendant $50 for a half ounce of marijuana, and defendant returned to Duhon's car with two bags of marijuana after meeting someone at Augustine's Family Market. When Corporal Duhon requested that defendant give the marijuana to him if it all belonged to him, defendant said it was his and physically handed the marijuana to him. Corporal Duhon then dropped defendant off at the point that defendant was first contacted and took his confidential informant back before returning to Lake Charles.
Viewing the evidence in the light most favorable to the prosecution, any rational trier of fact, drawing reasonable inferences from defendant's conduct and declaration, could find that he knew he possessed and delivered an illegal drug. Therefore this assignment lacks merit.

CONFIDENTIAL INFORMANT
Defendant contends the trial court erred when it failed to require the State's witness, Corporal Duhon, to disclose the identity of a confidential informer. Defendant argues that when the prosecution's case shows that the informer participated in the crime the informer's identity should be disclosed to defendant for purposes of cross-examination or the prosecution dismissed. Defendant further contends that his constitutional right to confront and cross-examine the informer was violated.
In State v. Dabon, 337 So.2d 502 (La.1976), the court stated:
"The informer privilege is based on the need of assuring a free disclosure of information to a governmental source through protecting against unnecessary disclosure, and upon the asserted governmental need of using such sources to obtain information as to covert types of criminal activities. It is generally recognized in Louisiana, although the secrecy of identity may be required to yield to competing interests of other constitutional or individual interests where circumstances show the overriding weight of the latter.
* * * * * *

As these decisions recognize, the privilege must give way where the disclosure of an informer's identity or of the contents of his communication is relevant and helpful to the defense of an accused or to the fair determination of an issue before the court. See also Smith v. Illinois, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968) and Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957)."

Moreover, to gain disclosure the defendant bears the burden of showing exceptional circumstances pertaining to his defense, and in making this determination the trial court is accorded great discretion. State v. Davis, 411 So.2d 434 (La.1982).
Defendant argues that under Roviaro v. United States, supra, and the constitutionally protected rights to confrontation and cross-examination, he is entitled to know the identity of the informant. In Roviaro, disclosure of the informant's identity was required because the informer was an active participant in the crime. The Court balanced the public interest in protecting the free flow of information against the individual's right to prepare his defense.
In the case sub judice, the testimony of Corporal Duhon reveals that the informer's only participation was that he introduced defendant to the law enforcement officer and rode with defendant and Corporal Duhon to get the marijuana. Duhon and defendant voluntarily engaged in conversation concerning narcotics which led to the *986 sale of one-half ounce of marijuana for $50. Although it is true the informer was present at the sale, and could possibly be a material witness as to whether defendant knowingly possessed and distributed marijuana, the trial court exercised its discretion and denied a defense request to compel Corporal Duhon to disclose the informer's identity.
Therefore, in the absence of active participation by the informer, we find no abuse of the trial court's discretion in not permitting disclosure of the confidential informant's identity. This assignment lacks merit.

SEQUESTRATION
Defendant contends the trial court erred by permitting Sandra Havens to testify after she violated the rule of sequestration. Defendant argues that an evidentiary hearing is required to determine whether the witness who violated the sequestration order should be disqualified from testifying.
The purpose of a sequestration order is to insure that a witness will testify as to his own knowledge of the case without being influenced by testimony of other witnesses and to strengthen the role of cross-examination. State v. Sonnier, 402 So.2d 650 (La.1981). The decision to exclude a witness' testimony for violation of the rule is within the sound discretion of the trial judge. State v. Ardoin, 340 So.2d 1362 (La.1976). Where there is no showing that the witness' testimony was tainted by violation of the sequestration order, the failure of the trial court to preclude the witness from testifying is not error. State v. Parker, 421 So.2d 834 (La.1982).
In the present case, Sandra Havens, evidence custodian for the Calcasieu Parish Sheriff's Office, was in the courtroom and heard the testimony of Deputy Scott Merritt, who also receives evidence for the Calcasieu Parish Sheriff's Office. The record shows that Havens entered the courtroom after the sequestration order to provide the original evidence receipt; she was under a departmental duty to maintain physical custody of the receipt. The State did not intend to call Havens as a witness because their report erroneously indicated that Deputy Merritt had custody of the evidence receipt. The trial court ruled the violation unintentional and allowed Havens to testify concerning the chain of custody of the marijuana adduced at trial.
The record shows that Havens testified concerning her own knowledge of the case and her testimony was in no way tainted by hearing the testimony of Deputy Merritt. State v. Parker, supra. This assignment of error lacks merit.

CHAIN OF CUSTODY
Defendant argues that the trial court erred in allowing into evidence an evidence envelope containing the marijuana defendant sold without establishing a proper foundation or showing a chain of custody.
In State v. King, 471 So.2d 1181 (La.App. 3rd Cir.1985), this court stated:

"To admit demonstrative evidence at trial, the law requires that the object be identified either by in-court identification or by chain of custody. State v. Paster, 373 So.2d 170 (La.1979); State v. Drew, 360 So.2d 500 (La.1978). A sufficient foundation has been laid for the admission of demonstrative evidence if it has been established that it is more probable than not that the object is the one connected with the case. State v. Smith, 430 So.2d 31 (La.1983). Ultimately, connexity of evidence is a factual matter for determination by the trier-of-fact. State v. Vaughn, 431 So.2d 763 (La.1983)."

Lack of positive identification or a defect in the chain of custody goes to the weight of the evidence rather than to its admissibility. State v. Taylor, 422 So.2d 109 (La. 1982), cert. denied, 460 U.S. 1103,103 S.Ct. 1803, 76 L.Ed.2d 367 (1983).
We find that the State laid a proper foundation for the admission of the two bags of marijuana. Sergeant Ronald Lewis of the Lake Charles Police Department, Special Services Division, testified that he received the evidence envelope and identified the evidence at trial as being the same marijuana presented to him by Sergeant *987 Richard Duhon the day the crime was committed. The evidence was placed in an evidence safe and later submitted to and received by Sandra Havens of the Calcasieu Parish Sheriff's Office on July 16, 1984. The evidence left her custody on July 25, 1984, when Timothy Simon, a forensic scientist with the Southwest Louisiana Crime Lab in Lake Charles, picked up the evidence for chemical analysis. Simon returned the analyzed evidence on August 2, 1984. The evidence remained in the custody of Sandra Havens until January 21, 1986, when it was retransferred to Special Services Division by Cynthia Guillory due to overcrowdedness. Cynthia Guillory picked up the evidence from Sandra Havens and signed an evidence receipt. She then placed the marijuana in their evidence safe until she removed it for trial. Thus, an unbroken chain of custody was established.
After reviewing the evidence, we conclude the record shows that it was more probable than not the two bags of marijuana introduced at trial were the same purchased from defendant by Sergeant Duhon on July 13, 1984 in Vinton. Therefore, this assignment of error lacks merit.

RELEVANCY
By these assignments defendant contends the trial court erred in not permitting defense counsel to question Corporal Duhon concerning his training and investigative techniques, and by not allowing defense questions concerning the location of the Special Services Division. The State objected to both questions on the basis of their relevance to defendant's guilt or innocence. The trial judge sustained both objections on the basis of relevance.
Absent a clear abuse of discretion, the trial court's ruling as to the relevancy of evidence should not be disturbed on appeal. State v. Whittaker, 463 So.2d 1270 (La.1985). LSA-R.S. 15:441 defines relevant evidence as "that tending to show the commission of the offense and the intent. Facts necessary to be known to explain a relevant fact, or which support an inference raised by such fact, are admissible."
After carefully reviewing the record, we find no abuse in the trial court's exclusion of this evidence. Therefore these assignments of error lack merit.

DECREE
For the foregoing reasons, the conviction and sentences of defendant, James Gregory White, are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs.