626 So.2d 905 (1993)
STATE of Louisiana, Plaintiff-Appellee,
v.
John M. CAREY, Defendant-Appellant.
No. CR93-603.
Court of Appeal of Louisiana, Third Circuit.
November 3, 1993.
*906 Don M. Burkett, Many, for State.
W. Charles Brown, Mansfield, for John M. Carey.
Before: DOMENGEAUX, Chief Judge, LaBORDE and COOKS, JJ.
LaBORDE, Judge.
Defendant, John M. Carey, appeals his conviction of distribution of cocaine, a violation of La.R.S. 40:967(A). We reverse, finding that defendant was denied his right to confront his accuser.

FACTS
On March 11, 1992, Officer Michael Gore, Trooper C.J. Deters and Detective James McComic were involved in a wide scale narcotics investigation in Sabine Parish.
On the day in question, Officer Gore picked up a confidential informant to accompany him while trying to make drug buys in the city of Many. Officer Gore was equipped with a hidden camera. Officer Gore and the confidential informant then proceeded to search for drugs in the city of Many, followed by Trooper Deters and Detective McComic. Officer Gore pulled his vehicle into the parking lot of the Miller Lane Cafe, where several people were standing around a car in the parking lot. When the undercover Officer Gore rolled down his window, one of the individuals asked what he wanted. Gore replied that he wanted forty dollars worth of crack cocaine. One of the individuals motioned for the informant to get out of the vehicle.
The confidential informant exited the vehicle and approached the group. One of the men removed something from a small matchbox and handed it to the defendant, who in *907 turn handed the object to the confidential informant. The confidential informant walked back to Officer Gore's vehicle and gave him the object believed to be crack cocaine. Officer Gore then gave forty dollars to the confidential informant who gave the money to the defendant. The suspected crack cocaine was given to Detective McComic and later identified as crack cocaine.
At trial, Officer Gore identified the defendant as the party who sold the crack cocaine. On this basis, the jury found defendant guilty of cocaine distribution.

ASSIGNMENT OF ERROR NUMBER ONE
In this assignment of error, defendant contends he was denied the right to confront and cross-examine the alleged confidential informant.
At the close of the opening statements, defense counsel requested the name of the confidential informant from the district attorney in a bench conference. No ruling was made on the issue at this time. After the jury left, defense counsel again requested the name of the confidential informant, arguing that the informant was no longer an informant but a participant in the alleged transaction and therefore his name and identity should be disclosed. The trial judge denied defense counsel's request, overruling his exception.
Defendant contends his conviction should be set aside as his constitutional rights have been denied. As a general rule, the State is allowed to withhold the identity of an informer from the accused; it is the defendant who bears the burden of demonstrating exceptional circumstances pertaining to his defense before disclosure is required. State v. Simon, 544 So.2d 610 (La.App. 3 Cir.), writ denied, 550 So.2d 647 (La.1989). Wide discretion is vested in the trial court to determine when disclosure is proper. Generally speaking, disclosure of the name of the confidential informant will be ordered when the prosecution's case shows that the informer, cooperating with the police, participated in the crime. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); State v. Dotson, 260 La. 471, 256 So.2d 594 (1971), cert. denied, 409 U.S. 913, 93 S.Ct. 242, 34 L.Ed.2d 173 (1972); State v. Fontenot, 524 So.2d 867 (La.App. 3 Cir.1988).
In Roviaro v. United States, supra, the U.S. Supreme Court ordered that a confidential informant's identity be disclosed when the informant and defendant were the only participants and eyewitnesses to the alleged drug transaction. The court held that the public interest in protecting the flow of information should be balanced against the individual's right to prepare his defense. In Roviaro, the informer was the only witness in a position to amplify or contradict the testimony of the government witnesses.
In State v. Fontenot, supra, two police detectives were accompanied by a confidential informant to a bar as part of an undercover narcotics operation. When the confidential informant was alone with the defendant at the bar, she spoke to defendant in order to arrange for a sale of marijuana to the detectives. This court reversed defendant's conviction, stating:
In the present case the confidential informant was not merely a bystander, or onlooker, and her participation was more than merely furnishing a tip that enabled the police to make an arrest. While working with the undercover agents, she took part in the illegal transaction itself. When she was alone with the defendant at the bar, the confidential informant helped arrange for a sale of marijuana to take place. Defendant was convicted as a principal, under La.R.S. 14:24, as having procured another to commit the crime. Take away evidence of the participation of the confidential informant in the events, and the evidence would have been wholly insufficient to have established that defendant was a principal to the crime of distribution of marijuana.
The message the confidential informant brought back to the table after her conversation with the defendant at the bar, a conversation the content of which was never revealed, leaves the impression that the informant and the defendant made an agreement whereby the defendant would *908 procure another to commit the crime of distribution of marijuana. Defendant had the right to confront this witness at the merit trial. To exercise that right he was entitled to know the name of the informant. The failure to accord him that right was reversible error.
We required disclosure of the confidential informant's identity because the informant procured the involvement of another person to sell the contraband.
A confidential informant's mere presence during the drug transaction does not in and of itself indicate that he was a participant. State v. Davis, 411 So.2d 434 (La.1982). Our conclusion in State v. Fontenot is not warranted where the confidential informant merely introduces defendant to a police officer accompanied by him when the transaction takes place, for such actions alone do not amount to participation in the crime; such actions on the part of the confidential informant are not conceived to have "framed" or "set up" defendant to do something which he is not predisposed to do from the start. State v. James, 396 So.2d 1281 (La.1981). The same is true where a confidential informant introduces a defendant to the police officer and is present at the sale, when defendant and the officer voluntarily engaged in the conversation leading to the sale and the informant does not actively participate in the transaction. State v. White, 508 So.2d 982 (La.App. 3 Cir.), writ denied, 512 So.2d 1184 (La.1987).
The case sub judice is factually similar to Fontenot, supra. Although the actual transaction occurred only a short distance from Officer Gore, and the confidential informant was only a "middle man," the confidential informant was more than a mere bystander. His name and identity should have been disclosed to defendant upon request so as to afford defendant the ability to subpoena and confront the confidential informant at trial. The failure to accord him that right constitutes reversible error. The confidential informant was not only present during the transaction but participated in the exchange of money and contraband between the defendant and Officer Gore. Gore testified at trial that the individuals who sold the cocaine to him would not come up to his side of the vehicle. For this reason the confidential informant exited the vehicle in order to facilitate the buy. The confidential informant walked across the parking lot to a group of individuals on the side of another vehicle, conversed with defendant, then returned to Officer Gore's vehicle and handed him the crack cocaine in exchange for which Gore gave the informant forty dollars. The informant then walked back to where the defendant was standing and gave him the money. Take away the informant's participation, and the prosecution would have no case.

ERRORS PATENT
La.C.Cr.P. art. 920 provides the scope of review on appeal as follows:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.
Although this conviction has been reversed on other grounds, this appeal has been reviewed for errors patent on the face of the record in accordance with this article. Two errors patent were discovered.
First, La.C.Cr.P. art. 880 provides that in imposing sentence the court shall give the defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. The record indicates the trial court did not do so.
Second, La. C.Cr.P. art. 930.8 provides that at time of sentencing the trial court shall inform defendant of the prescriptive period for post-conviction relief. The record shows the court did not so inform the defendant.
However, in light of our reversal of this conviction on the constitutional grounds raised in the first error assigned by defendant, we need not delve further into these issues at this time.

*909 CONCLUSION
The failure of the trial court to allow defendant his constitutional right to confront the witnesses against him amounts to reversible error. State v. Fontenot, 524 So.2d 867 (La.App. 3 Cir.1988).

DECREE
The conviction of John M. Carey is reversed and vacated. Because of a trial court error, the defendant must be retried. The case is remanded to the trial court for further proceedings in accordance with law.
CONVICTION VACATED AND REMANDED.