hDOUCET, Chief Judge.
On February 22, 1995, defendant, Urlease Akins, was charged by bill of information with one count of distribution of cocaine, a violation of La.R.S. 40:967(A). On March 24, 1995, defendant waived arraignment and pled not guilty. After a trial by jury held May 22 and 23, 1995, defendant was found guilty as charged. Thereafter, on November 17,1995, defendant was sentenced to eight years in the Louisiana Department of Corrections. Defendant filed a Motion to Reconsider Sentence on December 12, 1995, which was denied on December 14, 1995. Defendant now appeals his conviction, alleging nine assignments of error.

\ ¿FACTS:

On January 21,1994, the Natchitoches Police Department recruited an undercover police officer to purchase illegal drugs in the Natchitoches area. Accompanied by a confidential informant, the officer went to Tur *491 ner’s Grocery Store. At the store, the officer and the informant approached someone about purchasing cocaine. As a result of this request, the officer saw the defendant reach into his pocket and hand cocaine to a man by the name of Albert Morris, Jr. Morris delivered the cocaine to the officer in return for $20.00. As a result of the transaction, defendant was arrested on January 27,1995.

ERRORS PATENT:

La.Code Crim.P. art. 920 provides the scope of review on appeal, as follows:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence.
In accordance with this article, all appeals are reviewed by the court for errors patent on the face of the record. A review of the record reveals one error patent.
La.Code Crim.P. art. 930.8 provides that at the time of sentencing the trial court shall inform the defendant of the prescriptive period for post-conviction relief. The record shows the court did not so inform the defendant. This defect has no bearing on whether the sentence is excessive and thus is not grounds to reverse the sentence or remand the case for resentencing. La.Code Crim.P. art. 921. The three year prescriptive period does not begin to run until the judgment is final under La.Code Crim.P. art. 914 or 922, so prescription is not yet running. The purpose of the notice of Article 930.8(C) is to inform defendant of the prescriptive period in advance; thus, we direct the trial court to inform the defendant of the provisions of Article 930.8 by | gsending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that the defendant received the notice in the record of the proceedings. See State v. Fontenot, 616 So.2d 1353 (La.App. 3 Cir.), writ denied, 623 So.2d 1334 (La.1993).

ASSIGNMENT OF ERROR NO. 1:

By this assignment, defendant claims the prosecutor failed to provide exculpatory evidence in that the prosecutor did not disclose whether or not the confidential informant had a criminal record. Defendant did not argue this assignment in his brief. Failure to argue an assignment of error constitutes a waiver of that error. State v. Lewis, 576 So.2d 1106 (La.App. 3 Cir.), writ denied, 580 So.2d 669 (La.1991). See also Uniform Rules—Courts of Appeal, Rule 2-12.4. Therefore, this assignment is deemed abandoned.

ASSIGNMENT OF ERROR NO. 2:

By this assignment, defendant claims the prosecutor failed to disclose the code-fendant had previously testified that defendant was not guilty of the charged offense. After summarizing the law regarding the state’s responsibility to disclose exculpatory evidence to the defendant, defendant simply states, “In this case, the co-defendant had testified at a parole hearing that he had never obtained drugs from defendant.” Neither the date the parole hearing took place nor the name of the co-defendant is given. Additionally, no specifics are given as to the co-defendant’s testimony at the parole hearing and no reference is made to the transcript of the parole hearing. A review of the record reveals no transcript of the co-defendant’s testimony at the parole hearing. In its brief, the state claims it did not have a transcript of the parole hearing, nor was it aware that such a hearing took place. In State v. Thomas, 596 So.2d 327, 331 (La.App. 3 Cir.1992), this court held that “[w]hen a defendant fails to designate the portion of proceedings relating to the assignments of error, it is proper for the | ¿reviewing court to refuse to consider these assignments of error.” Accordingly, we refuse to consider this assignment of error.

ASSIGNMENT OF ERROR NO. 3:

By this assignment, defendant claims the prosecutor made reference to other crimes evidence by alleging the defendant failed to file an income tax return. While questioning the defendant, the prosecution asked, “[Did] You file tax returns for your cement finishing business for the last two or three years?” Defendant responded, “No, I haven’t.” In its *492 closing argument, the prosecution again mentioned defendant’s failure to file income tax returns by stating, “Don’t you think that if Mr. Akins was making an honest living he would have had some tax returns up here, he would have some proof of his income?” On appeal, defendant claims the above references were references to the crime of malfeasance in preparation of defendant’s income tax returns, which, defendant claims, is not competent evidence for impeaching a witness’ credibility in a prosecution for distribution of cocaine.
We find defendant has not properly preserved this claim for review. Defense failed to object to both the prosecution’s questioning defendant about his failure to file income tax returns and the prosecution’s reference to such failure in his closing argument. According to La.Code Crim.P. art. 841, “An irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence.” This court has also held that if a defendant does not contemporaneously object to a remark made during the state’s closing argument, the defendant has not properly preserved the remark for review. State v. Pipkins, 628 So.2d 1242 (La.App. 3 Cir.1993), writ denied, 94-0059 (La.4/22/94), 637 So.2d 154. The record does not show an objection was made to the prosecutor’s remark either during closing argument or after arguments were given. Thus, defendant has not properly preserved this issue for review.
_JjAlthough not argued directly in his brief, defendant alludes to an ineffective assistance of counsel claim for his counsel’s failure to object by stating:
The prejudicial effect of other crimes evidence is so great that when defense counsel in a criminal case fails to move for a mistrial under the C.Cr.P. Art. 770, in response to the prosecutor’s bringing inadmissible other crimes evidence to the attention of the jury, the accused may be entitled to habeas corpus relief in federal court on the grounds that the accused was denied his constitutional right to the effective assistance of counsel. Nero v. Blackburn, 597 F.2d 991 (5th Cir.1979).
Defendant offers no further argument with respect to this claim. Inasmuch as defendant raises the issue of ineffective assistance of counsel in his Assignment Of Error Number Six, we pretermit discussion of this issue at this point, opting to address all claims of ineffective assistance of counsel at one time.

ASSIGNMENT OF ERROR NO. 4:

By this assignment, defendant claims error occurred when the prosecution informed the jury that defendant had been convicted of three counts of distribution of cocaine when, in fact, defendant had been convicted of two counts of distribution of cocaine and one count of possession of cocaine. The prosecution asked defendant if he had ever sold cocaine before. Defendant responded, “I said I’ve never sold cocaine to anyone.” Defendant admitted, however, that he had a prior felony record stating, “It’s for cocaine.” The prosecution then asked, “In fact, January 26th, of 1990 you were found guilty in this court by a jury of twelve (12) persons of three (3) counts of distribution of cocaine, were you not?” Defense counsel immediately objected, arguing that such reference was a “fatal error” and that the prosecution should make no reference to prior convictions in a trial of this type. Citing La.Code Evid. art. 609.1, the trial court denied defendant’s objection.
At the outset, we note the argument raised by defendant on appeal — i.e., that defendant was not convicted of three counts of distribution of cocaine, but only two counts of distribution and one count of possession — was not argued before the trial |6court. Thus, according to La.Code Crim.P. art. 841, this court could find defendant’s argument was not preserved for appellate review. However, in an abundance of caution, we will nevertheless discuss the merits.
According to the Presentence Investigation Report, on January 26, 1990, the defendant was found guilty of two counts of distribution of cocaine and one count of possession of cocaine, which was amended from distribution of cocaine. Thus, the prosecution did err in stating defendant was convicted of three (3) counts of distribution of cocaine. In State v. Johnson, 94-1379 (La.11/27/95), 664 So.2d 94, the supreme court found the intro *493 duction of inadmissible other crimes evidence is subject to the harmless error analysis which they stated as “whether the verdict actually rendered is surely unattributable to the error.” Id. at 102. According to La. Code Evid. art. 609.1, when a defendant takes the stand, evidence of his prior convictions is clearly admissible for the purpose of attacking his credibility. We note that the error which occurred in the present case is the same type of error which occurred in Johnson where, during the prosecution’s impeachment of the defendant, the prosecution misstated the true nature of defendant’s convictions, referring to the crimes for which the defendant had been charged rather than the crimes for which the defendant had actually been convicted. The prosecutor in the present case was not in error in stating that the accused had prior drug convictions, but rather his error was a mere technical misstatement of the crimes for which the defendant had been convicted. As such, it could not have contributed to defendant’s verdict.

ASSIGNMENT OF ERROR NO. 5:

By this assignment, defendant claims the prosecutor’s closing argument appealed to prejudice by implying that the confidential informant the police used in the ease at bar would be in danger if his identity had been disclosed. In closing argument, the prosecutor stated the following:
^YaH know what happens to a confidential informant if he starts testifying in court, and he’s out there on the street. You know what happens, I don’t have to go into that.
Defendant does not cite any law for the proposition that the above statement appeals to the jury’s prejudice. Defense counsel merely argues the remark appealed to the prejudice of the jury and should have been the basis for an admonition. However, defense counsel did not object to the remark either dining or after the prosecution’s closing argument. Thus, the trial court was not prompted to admonish the jury. In State v. Armstrong, 94-307 (La.App. 3 Cir. 11/2/94), 649 So.2d 683, 693, reversed on other grounds, 94-2950 (La.4/8/96), 671 So.2d 307, this court held, “[t]he issue as to the propriety of closing argument remarks is not preserved for review where defense counsel makes no objection to the statement either during or after the argument.” Thus, defendant has not properly preserved this issue for review.
Even if defense counsel had objected to the prosecution’s remark, such a remark would not require reversal. In State v. Taylor, 94-2078, pp. 19,20 (La.2/28/96), 669 So.2d 364, 374-375, the supreme court, addressing this issue, stated the following:
This Court has stated, as a general matter, that a prosecutor retains considerable latitude in making closing arguments. [Citations omitted.] Even when we have found that a prosecutor has exceeded that latitude, the Court has often criticized the improper arguments without finding that they constitute reversible error. [Citations omitted.] Specifically, this Court will not overturn a guilty verdict on the basis of improper argument unless we are ‘firmly convinced that the jury was influenced by the remarks and that they contributed to the verdict.’ [Citations omitted.]
As noted above, the evidence adduced by the state was sufficient to convict defendant. Furthermore, evidence of defendant’s prior convictions for distribution of cocaine was also admitted. In the case sub judice the defendant was tried and convicted of another drug offense. He was neither charged with nor convicted of any offense involving violence or threats of violence. Thus, we are not convinced that the jury was | ¡influenced by the prosecution’s remarks or that those remarks contributed to the jury’s verdict.
For the foregoing reasons, this assignment lacks merit.

ASSIGNMENT OF ERROR NO. 6:

By this assignment, defendant claims he was denied effective assistance of counsel in that his attorney:
(A) Advised defendant that he could take the witness stand and the prosecutor would not be able to question defendant about a previous conviction for the same offense;
(B) Failed to subpoena a witness whose prior testimony had been exculpatory to defendant;
*494 (C) Relied upon informal request for discovery;
(D) Failed to file a Motion for Post-Verdict Judgment of Acquittal where the evidence is arguably insufficient to support a conviction; and
(E) Faded to request a subpoena for the co-defendant who had testified at defendant’s parole hearing that defendant was not guilty of the charged offenses.
(F) Failed to object to the prosecutor’s questioning defendant about his failure to file income tax returns and the prosecutor’s reference to same in his closing argument. (Pretermitted from Assignment # 3, supra.)
In his brief, defendant argues only subsection (A) of the above assignment of error. Since defendant did not argue subsections B through E, we deem those issues abandoned. State v. Lewis, 576 So.2d 1106 (La.App. 3 Cir.), writ denied, 580 So.2d 669 (La.1991). See also Uniform Rules—Courts of Appeal, Rule 2-12.4.
Defendant argues his trial counsel was ineffective because he advised defendant that he would not be questioned about his prior convictions when he testified. Defendant also argues he was prejudiced by the introduction of the prior convictions because “the case had serious, substantial, and certainly, reasonable doubt.”
The law regarding an assignment of error of ineffective assistance of counsel is well settled. Such a claim is properly raised in an application for post-conviction |9relief. State v. Burkhalter, 428 So.2d 449 (La.1983). This enables the district judge to order, and hold, a full evidentiary hearing on the matter. State v. Seiss, 428 So.2d 444 (La.1983). However, where the issue is raised on appeal by an assignment of error and the record contains evidence sufficient to decide the issue, the issue should be considered. Accordingly, we have addressed this issue.
The right of a defendant in a criminal proceeding to the effective assistance of counsel is constitutionally mandated by the Sixth Amendment of the U.S. Constitution. In order to prove that counsel was ineffective, the defendant must meet the two-prong test enunciated by the Supreme Court. First, the defendant must show that counsel’s performance was deficient. Second, the defendant must show that this deficiency prejudiced the outcome of the trial. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Brooks, 505 So.2d 714 (La.1987), cert. denied, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987). To establish a claim of ineffective assistance of counsel, a defendant must demonstrate that his defense attorney failed to meet the level of competency normally demanded of attorneys in criminal eases. State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Fickes, 497 So.2d 392 (La.App. 3 Cir.1986), writ denied, 515 So.2d 1105 (La.1987).
In considering allegations of ineffectiveness, defense attorneys are entitled to a strong presumption that their conduct fell within the broad range of reasonable professional assistance. The United States Supreme Court has held that the benchmark for judging a charge of ineffectiveness is whether the attorney’s conduct so undermined the proper functioning of the adversarial process that the trial cannot be considered to have produced a just result. United States v. Cronic, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
The record is insufficient to determine whether or not defendant’s trial counsel erroneously advised him that his prior convictions could not be introduced if he took hothe stand. However, even if defendant’s trial counsel did so inform the defendant, the introduction of defendant’s prior convictions did not prejudice defendant since the evidence was sufficient without the prior convictions to convict defendant.
In addressing the issue of sufficiency of evidence, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagni *495 no v. King, 436 So.2d 559; State v. Duncan, 420 So.2d 1105 (La.1982); State v. Moody, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witness, and therefore the appellate court should not second guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See State ex rel. Graffagnino v. King, 436 So.2d 559, citing State v. Richardson, 425 So.2d 1228 (La.1983).
In order for the state to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt. Defendant was convicted of distribution of cocaine, a violation of La.R.S. 40:967(A). That statute provides in pertinent part:
[I]t shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule II.
Bobby Hyams, the undercover detective who worked the transaction at issue, testified as to the events which took place on the night in question. Detective Hyams, along with a confidential informant, went to Turner’s Grocery Store. On their first trip, no one was at the store. However, when they returned, they saw a red truck beside the store and Lee Akins, the defendant, on the phone. Detective Hyams also stated he identified the defendant on that particular evening by the scar on his face. When asked | uif he knew the man he initially talked to, Detective Hyams responded, “He was a Morris.” The state then asked Detective Hyams if he requested to buy drugs from Morris or from Akins, the defendant. According to Detective Hyams, “Lee Akins was the target. But Morris was the first one that we came in contact with.” The following colloquy then took place:
Q: Alright. What happened when you told him that you wanted to buy drugs?
A: He went to the phone and conversed with this other male. And then brought me the drugs back to my undercover vehicle.
Q: Alright. Tell me what you saw when Mr. Morris went to the phone where this gentleman was.
A: I saw him go in his right pocket ...
Q: When you say he, who are you talking about? You said you saw him go into his right pocket.
A: Morris.
Q: Who is him?
A: Morris go in his right pocket.
Q: Morris or this man here?
A: Right.
Q: Which one, Morris or this man?
A: This man here.
Q: Okay.
A: Went in his right pocket and passed the drugs to the other gentleman.
Q: Alright. Then what happened?
A: Then he brought them to my undercover vehicle.
Q: Alright. How much did you pay him for them?
A: Twenty dollars ($20.00).
_JjjThe prosecution again asked Detective Hyams if “this man was the man that went into his pocket and got the drugs?” Detective Hyams answered, “That’s correct.”
On cross-examination, Detective Hyams testified that while it was night, the area was well illuminated. Detective Hyams also testified he was only about fifteen feet away from the defendant when the defendant reached into his pocket. Defense counsel asked Detective Hyams the following question, “Now, actually, it wouldn’t have been possible for you to see what he pulled out of his pocket or whether he’d been scratching himself or anything else, isn’t that true at that time?” Detective Hyams responded, “That’s right.”
On re-direct, the following colloquy took place:
Q: Deputy, take a good look at this man over here. Is that the man that went into his pocket?
A: Yes, it is.
Q: And when he came out with something in his pocket, what did he do with it?
*496 A: He gave it to the other gentleman.
Q: Alright. What did that gentleman do?
A: Brought it to me.
Q: Alright. And what did you do?
A: I put it in my compartment in my vehicle, packaged it later, and turned it over to Swindle.
Detective Swindle testified that he received State’s Exhibit Number 1, one rock of crack cocaine, from Detective Hyams approximately fifteen minutes after the buy was made. T.J. Shuflin, a forensic chemist with the North Louisiana Crime Lab, testified that he received State’s Exhibit Number 1 from Gary Swindle. According to Mr. Shuf-lin, State’s Exhibit Number 1 was tested and was determined to contain cocaine.
| isGary Swindle, who is also a detective with the Natchitoches Police Department, testified that he scouted out Turner’s Grocery Store before the transaction took place and saw the defendant in a red truck parked at the store. Detective Swindle identified the defendant in court as the same person he saw in the red truck. Harmon Winters, a narcotics officer with the Natchitoches Parish Sheriff’s Office, also testified that he saw the defendant along with other black male subjects at Turner’s Grocery Store approximately fifteen minutes before he made contact with Detective Hyams and advised him that the subjects were at Turner’s Grocery Store.
Urlease Akins, the defendant, testified at trial that he owned a bronze truck. The defendant further testified that he has never owned a red truck and had not borrowed one on or about January 21, 1994. He denied having sold cocaine to Detective Hyams or anyone else or of even having possession of any crack cocaine or any other drugs on the night in question or any night near then. The defendant also testified he has never sold cocaine even though he was convicted of two counts of distribution of cocaine on January 26,1990. Finally, the defendant testified that he knew Albert Morris.
While Detective Hyams was unclear in parts of his testimony as to how the transaction actually occurred, he did identify the defendant as the person who pulled drugs out of his pocket when requested to do so by Morris. Detective Hyams also testified that the drugs were sold to him for $20.00. Although the defendant denied selling drugs on the night in question, the credibility of witnesses is within the discretion of the trier of fact and should not be second guessed on appeal. See State ex rel. Graffagnino v. King, 436 So.2d 559, citing State v. Richardson, 425 So.2d 1228.
| ^Since the evidence was sufficient to convict defendant without the introduction of defendant’s prior convictions, we find defendant has failed to show prejudice and thus, this portion of his ineffective assistance of counsel claim is without merit.
We next turn our attention to the issue of counsel’s failure to object to the prosecutor’s questioning defendant about his failure to file income tax returns and his reference to such failure in his closing argument. We have considered this issue and for the reasons which follow, we find defendant was also not prejudiced by the introduction of evidence that he failed to file income tax returns.
The eases relied upon by defendant, State v. Romano, 320 So.2d 167 (La.1975) and State v. Sanders, 539 So.2d 114 (La.App. 2 Cir.), writ denied, 546 So.2d 1212 (La.1989), both involved distribution of a controlled dangerous substance and both found that evidence of malfeasance in preparing income tax returns was not competent evidence with which to impeach the credibility of the defendants in those cases. Since no objection was made to the prosecution’s question and closing remark in the present case, we cannot be sure of the purpose for which the state introduced such evidence. However, it appears from the state’s closing argument that the purpose was not to impeach the defendant’s credibility but to show the defendant did not make an honest living, thereby implicating he was involved in illegal activity.
Even if the evidence would not be admissible under Romano and Sanders, we find the admission was harmless. In State v. Johnson, 94-1379 (La.11/27/95), 664 So.2d 94, the supreme court overruled State v. Brown, 428 So.2d 438 (La.1983), stating: “... we hold *497 that the introduction of inadmissible other crimes evidence results in a trial error subject to harmless error analysis- [In conducting that analysis the test to be used is] whether the verdict actually rendered is surely unattributable to the error.” State v. Johnson, 94-1379, pp. 17, 18, 664 So.2d at 102. Applying that test to the evidence adduce at trial — i.e. that Detective Bobby Hyams, the hgundercover officer involved in the transaction at issue, saw the defendant reach into his pocket and hand something to another person, Morris, who then brought drugs to the detective; that two other officers, Gary Swindle and Harmon Winters, saw defendant in the area where the drug transaction occurred within approximately thirty minutes of the actual transaction; and finally, that evidence was introduced establishing defendant was found guilty on January 26,1990, to three counts of distribution of cocaine[1] — we conclude the introduction of defendant’s failure to file income tax returns, even if error, was harmless.

ASSIGNMENT OF ERROR NO. 7:

By this assignment, defendant claims the trial court erred in denying defendant’s motion for acquittal. At the close of the state’s case, defense counsel moved for a directed verdict of not guilty. After both counsel presented arguments, the trial court denied defendant’s motion. There is no authority in the Code of Criminal Procedure for a directed verdict of not guilty at the close of the state’s case in jury trials. La.Code Crim.P. art. 778 provides:
In a trial by the judge alone the court shall enter a judgment of acquittal on one or more of the offenses charged, on its own motion or on that of defendant, after the close of the state’s evidence or of all the evidence, if the evidence is insufficient to sustain a conviction.
If the court denies a defendant’s motion for a judgment of acquittal at the close of the state’s case, the defendant may offer its evidence in defense.
Such a motion is not available in jury trials. Thus, the trial court did not err in denying defendant’s motion.

ASSIGNMENT OF ERROR NOS. 8 & 9:

Jigln Assignment of Error No. 8, defendant argues the trial court erred in imposing an excessive sentence on defendant. In Assignment of Error No. 9, defendant claims the trial court erred in making the sentence imposed herein consecutive to another sentence where the prior sentence had been vacated and defendant had not yet been resentenced. Defendant does not argue these assignments on appeal. Thus, we deem these assignments abandoned. State v. Lewis, 576 So.2d 1106 (La.App. 3 Cir.), writ denied, 580 So.2d 669 (La.1991). See also Uniform Rules—Courts of Appeal, Rule 2-12.4.

UNASSIGNED ERROR NO. 10:

Defendant’s trial counsel submitted a brief on behalf of defendant, in which he claims defendant’s constitutional right to confront his witnesses was violated by the prosecution’s failure to produce the confidential informant involved in the drug transaction.
To begin, the record does not indicate defense counsel ever requested the identity of the confidential informant be revealed. Thus, according to La.Code Crim.P. art. 841, defense counsel has not reserved this issue for appeal. However, even if defense counsel had requested the identity of the confidential informant be revealed, such a request would have been properly denied since no evidence was introduced indicating the informant participated in the actual transaction.
In State v. Fontenot, 524 So.2d 867, 869 (La.App. 3 Cir.1988), this court explained:
The defendant has a constitutional right to confront witnesses against him in a criminal prosecution. U.S. Const. art. VI; La. Const. art. 1, § 16. This right is often argued as a means to get around the confidential informant’s privilege, but the privilege is still firmly rooted in the law. The *498 privilege of withholding the identity of an informer who supplies information to law enforcement officers concerning crime is founded on public policy and seeks to advance the public interests and effective law enforcement by encouraging and protecting the flow of information. State v. James, 396 So.2d 1281 (La.1981). For this reason |i7the general rule is that the state is not required to divulge the name of a confidential informant to the accused. Id. However, an exception is made when the confidential informant was a participant in an illegal drug transaction, and the state introduces evidence at the merit-trial of a crime in which the informant participated. State v. Dotson, 260 La. 471, 256 So.2d 594 (1971); State v. Diliberto, 362 So.2d 566 (La.1978); State v. James, supra.
In Fontenot, the court found the defendant had the right to know the name of the informant since the informant was more than a bystander and her “participation was more than merely furnishing a tip that enabled the police to make an arrest.” Id. The defendant in Fontenot was convicted as a principal, under La.R.S. 14:24, as having procured another to commit a crime. The confidential informant was alone with the defendant and helped arrange for the sale of marijuana to take place. The informant brought a message back to undercover detectives after her conversation with the defendant. This action, the court felt, left the impression that “the informant and the defendant made an agreement whereby the defendant would procure another to commit the crime of distribution of marijuana.” Id. Finally, the Fontenot court found, “[t]ake away evidence of the participation of the confidential informant in the events, and the evidence would have been wholly insufficient to have established that defendant was a principal to the crime of distribution of marijuana.” Id.
In State v. Carey, 626 So.2d 905, 908 (La.App. 3 Cir.1993), this court further expounded on the issue of revealing the identity of a confidential informant:
A confidential informant’s mere presence during the drug transaction does not in and of itself indicate that he was a participant. State v. Davis, 411 So.2d 434 (La.1982). Our conclusion in State v. Fontenot is not warranted where the confidential informant merely introduces defendant to a police officer accompanied by him when the transaction takes place, for such actions alone do not amount to participation in the crime; such actions on the part of the confidential informant are not conceived to have ‘framed’ or ‘set up’ defendant to do something which he is not predisposed to do from the start. State v. James, 396 So.2d 1281 (La.1981). The same is true where a confidential informant introduces a defendant to the police officer and is present at the | ígsale, when defendant and the officer voluntarily engaged in the conversation leading to the sale and the informant does not actively participate in the transaction. State v. White, 508 So.2d 982 (La.App. 3 Cir.), writ denied, 512 So.2d 1184 (La.1987).
The court in Carey found the facts of that ease similar to those in Fontenot and concluded that the identity of the confidential informant should have been revealed to defendant. The Carey court reasoned:
The confidential informant was not only present during the transaction but participated in the exchange of money and contraband between the defendant and Officer Gore. Gore testified at trial that the individuals who sold cocaine to him would not come up to his side of the vehicle. For this reason the confidential informant exited the vehicle in order to facilitate the buy. The confidential informant walked across the parking lot to a group of individuals on the side of another vehicle, conversed with defendant, then returned to Officer Gore’s vehicle and handed him the crack cocaine in exchange for which Gore gave the informant forty dollars. The informant then walked back to where the defendant was standing and gave him the money. Take away the informant’s participation, and the prosecution would have no case.

Id.

In State v. White, 508 So.2d 982, 985 (La.App. 3 Cir.), writ denied, 512 So.2d 1184 (La.1987), the court found the trial court did not err in refusing to require the state to *499 disclose the identity of its confidential informant. The court reasoned:
In the ease sub judice, the testimony of Corporal Duhon reveals that the informer’s only participation was that he introduced defendant to the law enforcement officer and rode with defendant and Corporal Duhon to get the marijuana. Duhon and defendant voluntarily engaged in conversation concerning narcotics which led to the sale of one-half ounce of marijuana for $50. Although it is true the informer was present at the sale, and could possibly be a material witness as to whether defendant knowingly possessed and distributed marijuana, the trial court exercised its discretion and denied a defense request to compel Corporal Duhon to disclose the informer’s identity.
The record establishes that the present case is factually similar to White rather than to Carey or Fontenot. Detective Hyams testified that a confidential informant’s only role is to introduce him to a person suspected of selling drugs. Detective Hyams further testified that the confidential informant never comes into contact with the money or the [ igdrugs during an undercover transaction. Hyams testified that the confidential informant in the present case pointed out the defendant. In regard to the transaction at issue, Detective Hyams’ testimony indicates he was the only one involved in the actual transfer of drugs and money. Detective Swindle also testified that a confidential informant did not touch the drugs or have anything to do with the actual transaction of the drugs. Since defendant has offered no evidence indicating the confidential informant was involved in the drug transaction at issue, we conclude he has not shown he was entitled to know the informant’s identity.
Defendant also argues Detective Hyams’ testimony that the defendant was pointed out to him by the confidential informant was hearsay. The trial court sustained defendant’s hearsay objection when Detective Hyams testified the confidential informant stated, “That’s our man there”, when he saw the defendant. Defense counsel made no request for an admonition or mistrial. The prosecution then asked Detective Hyams, “As a result of your conversation with the confidential informant, what did you do when you arrived at Turner’s Grocery that day?” Detective Hyams responded, “Okay, we pulled over beside a red truck, at when [sic] time the confidential informant had already I.D.ed [sic] the target and made it known to me that’s our man.” Defense counsel did not object to this statement. Since defense counsel did not request an admonition or mistrial after the trial court sustained his objection nor did defense counsel object to Detective Hyams subsequent statement, we find he has waived his right to raise the issue on appeal. Furthermore, even if inadmissible, the testimony was harmless since there is no reasonable possibility that the statement might have contributed to the verdict. See State v. Rubin, 94-982 (La.App. 3 Cir. 2/8/95), 649 So.2d 1240. For the foregoing reasons, we find this assignment also lacks merit.

^CONCLUSION:

For the foregoing reasons we affirm defendant’s conviction. The ease is remanded for the district court to inform defendant of La. Code Crim.P. art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that the defendant received the notice in the record.
AFFIRMED; REMANDED WITH INSTRUCTIONS.

. As was discussed in Assignment of Error No. 4, the defendant was actually convicted of two counts of distribution of cocaine and one count of possession of cocaine, amended from distribution of cocaine.