| xGREMILLION, Judge,
dissenting.
I respectfully dissent from the majority opinion as it is my view that CI-106 did not actively participate in the drug transaction nor was the disclosure of his identity essential to the preparation of the defense. In State v. Fontenot, 524 So.2d 867, 869 (La.App. 3 Cir.1988), this court explained:
The defendant has a constitutional right to confront witnesses against him in a criminal prosecution. U.S. Const, art. VI; La. Const, art. I, § 16.
This right is often argued as a means to get around the confidential informant’s privilege, but the privilege is still firmly rooted in the law. The privilege of withholding the identity of an informer who supplies information to law enforcement officers concerning crime is founded on public policy and seeks to advance the public interests and effective law enforcement by encouraging and protecting the flow of information. State v. James, 396 So.2d 1281 (La.1981). For this reason the general rule is that the state is not required to divulge the name of a confidential informant to the accused. Id. However, an exception is made when the confidential informant was a participant in an illegal drug transaction, and the state introduces evidence at the merit-trial of a crime in which the informant participated. State v. Dotson, 260 La. 471, 256 So.2d 594 (1971); State v. Diliberto, 362 So.2d 566 (La.1978); State v. James, supra.
|2In Fontenot, the court correctly found that the defendant did have the right to know the name of the informant since the informant was more than a bystander and her “participation was more than merely furnishing a tip that enabled the police to make an arrest.’’ Id. The defendant in Fontenot was convicted as a principal, under La.R.S. 14:24, for having procured another to commit a crime. The confidential informant was alone with the defendant and helped arrange for the sale of marijuana to take place. The informant brought a message back to undercover detectives after her conversation with the defendant. This action, the court felt, left the impression that “the informant and the defendant made an agreement whereby the defendant would procure another to commit the crime of distribution of marijuana.” Id. Finally, the Fontenot court found, “[t]ake away evidence of the participation of the confidential informant in the events, and the evidence would have been wholly insufficient to have established that defendant was a principal to the crime of distribution of marijuana.” Id.
In State v. Carey, 626 So.2d 905, 908 (La. App. 3 Cir.1993), this court further expounded on the issue of revealing the identity of a confidential informant:
A confidential informant’s mere presence during the drug transaction does not in and of itself indicate that he was a participant. State v. Davis, 411 So.2d 434 (La.1982). Our conclusion in State v. Fontenot is not warranted where the confidential informant merely introduces defendant to a police officer accompanied by him when the transaction takes place, for such actions alone do not amount to partic- *808 ipatíon in the crime; such actions on the part of the confidential informant are not eoncéived to have “framed” or “set up” defendant to do something which he is not predisposed to do from the start. State v. James, 396 So.2d 1281 (La.1981). The same is true where a confidential informant introduces a defendant to the police officer and is present at the sale, when defendant and the officer voluntarily engaged in the conversation leading to the sale and the informant does not actively participate in the transaction. State v. White, 508 So.2d 982 (La.App. 3 Cir.), writ denied, 512 So.2d 1184 (La.1987).
The court in Carey found the facts of its case similar to those in Fontenot and concluded that the identity of the confidential informant should have been revealed to defendant. The Carey court found that the confidential informant was not only present Rduring the transaction but participated in the exchange of money and contraband between the defendant and the police officer, and if the informant’s participation were taken away, the prosecution would have no ease.
In State v. White, 508 So.2d 982 (La.App. 3 Cir.), writ denied, 512 So.2d 1184 (La.1987), the court found the trial court did not err in refusing to require the state to disclose the identity of its confidential informant. The court reasoned:
In the case sub judice, the testimony of Corporal Duhon reveals that the informer’s only participation was that he introduced defendant to the law enforcement officer and rode with defendant and Corporal Duhon to get the marijuana. Duhon and defendant voluntarily engaged in conversation concerning narcotics which led to the sale of one-half ounce of marijuana for $50. Although it is true the informer was present at the sale, and could possibly be a material witness as to whether defendant knowingly possessed and distributed marijuana, the trial court exercised its discretion and denied a defense request to compel Corporal Duhon to disclose the informer’s identity.
Id. at 986.
It is my opinion that the fact scenario in the present case more closely resembles White rather than Carey or Fontenot. Leroy Moore, - Jr. testified that he' was present when the drug transaction took place. According to Moore, he, his sister, his brother, and Defendant had been riding around drinking beer. When they returned to their trailer, Moore said he saw the confidential informant and the agent (Garfield Baker). When asked what happened, Moore testified that Leon Allen (the confidential informant) asked for Defendant. Moore testified that both Baker and Allen hollered that they wanted a fifty, which he interpreted to mean drugs. Moore said that when he told Defendant they wanted a fifty, Defendant told him to get the money first. According to Moore, it was Baker and not Allen who handed him the money. He said that after he obtained the rocks of cocaine from Defendant, he went straight “to that man with it.” According to Moore, the man complained about the size of the rock and then left. Although it is not clear from Moore’s testimony, it seems he was referring Uto Baker rather than Allen when he said “that man” since he testified previously he did not know the agent (Baker) with Allen.
Baker gave the following testimony as to the undercover drug transaction:
We drove to that location. I told him [confidential informant] to go inside to see if the subjects were in the house to attempt to make a buy. While he was on the inside, I was out there inside the vehicle. I noticed the black male subject — several of them drove up in a car, and I told one subject to tell Leon to come out. The subject asked he (sic), I believe, what was I looking for? I told him I wanted a fifty, which I’m meaning crack cocaine. So at that time Leon came out. I gave this black male by the name of Leroy fifty dollars to attempt to buy crack cocaine. He walked over to the vehicle that he had exited from, went to the driver’s side of that vehicle, and I noticed a black male handing him which appeared to me to be crack cocaine. After he received the subject’s substance, Leroy handed this subject the money, and then he brought the substance to mé; and at that time, I believe I asked this other subject the name of the *809 guy that was in that vehicle on the passenger side, and he told me the guy’s name.
Considering the totality of the testimony, I am of the opinion that the confidential informant did not actively participate in the drug transaction in which Defendant was charged. The informant gave information to the police which led to the drug transaction, and was with the undercover agent when the transaction took place. According to Moore, the informant also hollered that he and the other agent wanted a fifty. However, both Moore and Baker testified that the money and drugs were handled by Baker rather than the informant. Thus, the informant did not participate in the actual drug transaction. The State was able to effectively present its case even without the informant’s testimony and Defendant was able to effectively present a defense without the name of the confidential informant. This is especially true when considered in the light of the fact that Moore was aware of CI-106’s identity when he testified.
For these reasons, I respectfully dissent.